Filed:12/21/2017 2:56 PM
Jenica Turner, District Clerk
Wood County, Texas
Reviewed By:Jennifer Mosher

CAUSE NO. No. 2017-788

| | | |
|---|---|---|
| PHILOMINA STUCHLY | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | WOOD COUNTY, T E X A S |
| | § | |
| MERCK & CO., INC. | § | 402ND JUDICIAL DISTRICT |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, PHILOMINA STUCHLY, PLAINTIFF, and files this Original Petition complaining of DEFENDANT, MERCK & CO., INC., and for cause of action would show this Court as follows:

### DISCOVERY

Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends to proceed under Discovery Control Plan Level 3.

### STATEMENT OF PARTIES

Plaintiff, PHILOMINA STUCHLY, is an individual residing in Wood County, Texas.

Defendant, MERCK & CO., INC. ("Merck"), is a New Jersey corporation, with its principal office located at 2000 Galloping Hill Road, Kenilworth, New Jersey 07033. At all times relevant hereto, Merck was registered to do and was doing business in the State of Texas. Defendant expected, or should have expected, that its business activities could or would have consequences in the State of Texas. Merck may be served with citation by serving its registered agent, CT Corp. System at 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136. *The Clerk is respectfully requested to issue service of process at this time so that this Defendant may be served and make an appearance in this lawsuit.*

## JURISDICTION AND VENUE

This Court has personal jurisdiction over Defendant because such exercise is authorized by the Texas long arm statute and is consistent with the guarantees of due process. Defendant is a non-resident who has "engaged in business" in Texas by committing torts against the resident Plaintiff in the State of Texas. TEX. CIV. PRAC. & REM. CODE §17.042(2) (Vernon 1985). Defendant is subject to specific jurisdiction in Texas because (1) it purposefully and systematically placed its products into the Texas stream of commerce, thus establishing minimum contacts with the forum, (2) this act is connected to or gives rise to the cause of action, and (3) the exercise of jurisdiction does not offend tradition notions of fair play and substantial justice. *See Schlobohm v. Shapiro*, 784 S.W.2d 355, 358 (Tex. 1990). The exercise of personal jurisdiction over this Defendant by the Texas courts comports with traditional notions of fair play and substantial justice, and is consistent with the constitutional requirements of due process. Texas also has substantial interest in adjudicating this suit as the conduct of the Defendant has had a substantial impact on the residents of the state generally, and on the resident-Plaintiff and her family specifically.

Venue is proper here in this judicial district where a substantial part of the events or omissions giving rise to the claim occurred. Also, Defendant Merck Corp. resides in this district, for venue purposes, because this Court may exercise personal jurisdiction over the corporation, and thus, venue is proper.

## STATEMENT OF FACTS

Plaintiff, Philomina Stuchly, suffered from Osteopenia and was prescribed Fosamax by her physician, Dr. Sujatha White, M.D., in February 2014. She consistently used Fosamax and/or the generic equivalent, Alendronate Sodium, as prescribed, through December 2015. She was not aware of, and could not have reasonably discovered, the dangerous nature of this drug. As a direct

and proximate result of her long-term Fosamax use, Plaintiff fractured her right femur on December 19, 2015 while simply standing in her own home. Since then, it has been painful for Plaintiff to walk, and at times, was not able to walk at all due to the severe pain. There has been on-going bone pain at both the place of the fractures and other parts of Plaintiff's body. In addition, Plaintiff lives in constant fear of a repeat injury.

Plaintiff needs but has been unable to afford physical and occupational therapy. Plaintiff can no longer garden or do several hobbies and chores that she enjoyed, and she experiences pain while walking. Plaintiff's injuries also include severe physical and mental pain and suffering, and mental anguish from knowing she will have life-long complications as a result of the injuries she sustained from using Fosamax. Plaintiff has, and will continue to incur, significant medical expenses necessary to remedy the harmful consequences of her Fosamax use. Plaintiff's will show that her injuries and damages were proximately caused by Defendant's conduct more fully described below. Further, Plaintiff will show that nothing she did contributed in any way to her injuries and damages.

## COUNT I: PRODUCTS LIABILITY-DESIGN DEFECTS

Defendant researched, developed, manufactured, labeled, supplied, and/or placed Fosamax into the stream of commerce in an unsafe and defective condition. Merck distributed this dangerous drug throughout the world, including Texas, and it reached consumers, including Plaintiff, without substantial change to the condition in which it was manufactured and sold by Defendant.

Fosomax was defective in its design and was unreasonably dangerous in that its foreseeable risks exceeded the benefits associated with its design or formulation and it was more dangerous than an ordinary consumer could reasonably foresee. Fosamax is also defective in design or formulation in that it lacks efficacy and/or poses a greater likelihood of injury than other treatments and/or drugs in the same class as Fosamax.

There was a safer alternative design, other than the one used by Merck for Fosamax, which would have prevented or significantly reduced the risk of Plaintiff's personal injuries without substantially impairing the products utility. Such an alternative would have also been economically and technologically feasible at the time of manufacture by the application of existing or reasonably achievable scientific knowledge.

Plaintiff used Fosamax as prescribed and in a manner normally intended, recommended, promoted, and marketed by Defendant, and/or in a reasonably foreseeable manner. Plaintiff was not aware of and reasonably could not have discovered the dangerous nature of Fosamax. Fosamax failed to perform safely when used by Plaintiff, even when used as intended or in a reasonably foreseeable manner.

As a direct and proximate result of Fosamax's defective design, and Defendant's acts and omissions regarding the design defects described herein, Plaintiff developed severe and permanent injuries, including femoral fractures, physical and mental pain and suffering, including debilitating pain while walking, mental anguish, diminished enjoyment of life, and fear of developing other harmful conditions caused by the long-term use of Fosamax. The safer, alternative design would have prevented or significantly reduced the risk of injury to consumers, including Plaintiff, who used Defendant's defectively designed product.

Thus, Plaintiff demands judgment against Defendant for any and all damages, including but not limited to recoupment of medical losses and costs that Plaintiff has, and will continue to incur, for treatment of the injuries she has suffered as a consequence of using Fosamax. Plaintiff additionally requests damages for severe physical pain and suffering, mental anguish, intense anxiety, and loss of enjoyment of life, together with interest, court costs and attorney fees. Furthermore, Defendant acted with knowing, conscious, and willful disregard for the value of human life and the rights and safety of consumers, including Plaintiff, in the design,

manufacturing, warning, marketing, advertising, and sale of Fosamax. Thus, Plaintiff is also entitled to recover punitive damages in addition to actual damages.

## COUNT II: PRODUCT LIABILITY-FAILURE TO WARN A/K/A MARKETING DEFECTS

Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, alleges as follows:

Merck was in a superior position to know of the dangers and risks associated with Fosamax use and should have disclosed information regarding such harmful effects to consumers and the medical community, including Plaintiff. Merck failed to adequately warn consumers, and as a result many of them, including Plaintiff, have suffered serious injuries due to Fosamax use.

Defendant researched, developed, manufactured, tested, labeled, marketed, sold, advertised, distributed, supplied, and/or placed into the stream of commerce, the dangerous drug Fosamax described herein, which Merck distributed throughout the world, including Texas, and which was expected to reach and did reach consumers, including Plaintiff, without substantial change in the condition in which it was manufactured and sold by Defendant.

Defendant knew, or should have known, of the defective nature of Fosamax and that its use posed serious and unacceptable risks of serious injury. Fosamax was defective and unreasonably dangerous when it left Defendant's possession because it contained inadequate warnings that did not alert Plaintiff to the dangerous risks and reactions associated with taking the drug. Even though Defendant knew or should have known of these risks and reaction, they still failed to provide adequate warnings that accurately reflected the associated risks.

Fosamax was defective due to inadequate warnings or instructions because Merck failed to provide adequate warnings to Plaintiff after Defendant knew or should have known of the serious risks associated with the use of Fosamax. The drug Fosamax did not have the proper warnings

regarding the injuries associated with its use and the warnings given did not accurately reflect the symptoms, scope, frequency, or severity of such injuries. Instead, Merck continued to aggressively promote this dangerously defective product, which served to further mask and minimize the warnings that were given with the product. Merck failed to give warnings that could reasonably be expected to catch the attention of a reasonably prudent person, in the circumstances the product was used, or that conveyed an accurate indication of the nature and extent of the danger.

Plaintiff used Fosamax as prescribed and in a manner normally intended, recommended, promoted, and marketed by Defendant, and/or in a reasonably foreseeable manner. Fosamax failed to perform safely when used by Plaintiff, even when used as intended or in a reasonably foreseeable manner. Plaintiff was not aware of and reasonably could not have discovered the dangerous nature of Fosamax. Had Merck provided proper and accurate labels and warnings about the risks associated with Fosamax use, many patients would have opted for another, available treatment.

As a direct and proximate result of Defendant's failure to adequately warn, Plaintiff developed severe and permanent injuries because of the dangerous product. Plaintiff suffered fractures in the femur, in addition to other physical and emotional pain and suffering, mental anguish, diminished enjoyment of life and fear of developing other harmful conditions caused by the long-term use of Fosamax.

Plaintiff demands judgment against Defendant for any and all damages, including but not limited to medical expenses and costs, physical and mental pain and suffering, along with interest, court costs and attorney fees. Plaintiff should also be entitled to punitive damages since Defendant acted with knowing, conscious, and willful disregard for the value of human life and the rights and safety of consumers, including Plaintiff, in the manufacturing, warning, marketing, advertising, and sale of Fosamax.

## COUNT III: NEGLIGENCE

Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, alleges as follows:

Defendant owed Plaintiff and other consumers a duty to exercise reasonable care when designing, manufacturing, marketing, advertising, distributing, and selling Fosamax.

Defendant failed to exercise due care under the circumstances and therefore breached this duty by:

- Failing to properly and thoroughly test Fosamax before releasing it into the market;

- Failing to properly and thoroughly analyze the data resulting from the pre-marketing tests of Fosamax;

- Failing to conduct adequate post-marketing surveillance and testing of Fosamax;

- Failing to detect and adequately warn Plaintiff about the increased frequency of adverse events associated with Fosamax;

- Failing to adequately warn Plaintiff or the public of the significant and dangerous risks of Fosamax, and without providing proper instructions to avoid the harm which could foreseeably occur as a result of using Fosamax;

- Failing to adequately inform consumers and/or their prescribing physicians about the well-established risks of long-term Fosamax use, including severely suppressed bone turnover and low energy femoral fractures;

- Failing to exercise due care when advertising and marketing Fosamax;

- Continuing to manufacture, market, advertise, and distribute Fosamax after Defendant knew or should have known of its adverse effects.

As a direct and proximate consequence of Defendant's acts, omissions and misrepresentations, Plaintiff has, and will continue to suffer, injuries due to long-term Fosamax use. Plaintiff suffered severe physical injury in the form of femoral fractures, and is entitled to damages for physical and mental pain and suffering. In addition, Plaintiff is entitled to past and

future medical expenses and income. Plaintiff has, and will continue to suffer, a diminished capacity for enjoyment of life, a diminished quality of life, aggravation of pre-existing conditions, as well as other losses and damages.

Plaintiff demands judgment for any and all damages, not limited to those listed here, together with interest, court costs and attorney fees. Additionally, because Defendant's conduct described above was committed with knowing, conscious disregard for the value of human life, Plaintiff should also recover punitive damages.

### COUNT IV: STRICT LIABILITY

Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, alleges as follows:

Defendant developed, manufactured, tested, sold, distributed, marketed and/or supplied Fosamax in a defective and unreasonably dangerous condition to consumers, including Plaintiff.

As expected, there was no substantial change in the condition of Fosamax from the time it was manufactured and sold by Defendant to when it did in fact reach Plaintiff and other consumers.

Fosamax was defective in its design and more dangerous than an ordinary consumer could reasonably foresee/anticipate. Its unforeseeable risks far outweighed the benefits of the design and its use posed a greater likelihood of injury than other similar medications. Also, Fosamax was not package with, or accompanied by, adequate warnings to alert Plaintiff and other consumers to the array of risks described herein.

Defendant should have known of Fosamax's defective nature, but it continued to design, manufacture, and market the drug, at the expense of consumer health and public safety, in order to maximize profits. Thus, Defendant acted with conscious and deliberate disregard of the foreseeable harm caused by Fosamax.

Fosamax was also used as prescribed in a manner normally intended, recommended and promoted by Defendant. Plaintiff through exercise of reasonable care, could not have discovered Fosamax's defects or perceived the dangers it posed. As a direct and proximate cause of Defendant's acts, omissions, and misrepresentations, Plaintiff suffered femoral fractures and other injuries described herein.

Thus, Plaintiff demands judgment against Defendant for any and all damages, including but not limited to recoupment of medical costs that Plaintiff has, and will continue to incur, for treatment of the injuries she has suffered as a consequence of using Fosamax. Plaintiff additionally demands damages for severe physical pain and suffering, mental anguish, intense anxiety, loss of enjoyment of life, together with interest, court costs and attorney fees. Additionally, Defendant acted with knowing, conscious, and willful disregard for the value of human life and the rights and safety of consumers, including Plaintiff, in the development, manufacturing, testing, sale, distribution and/or marketing of Fosamax. Thus, Plaintiff is also entitled to recover punitive damages in addition to actual damages.

## COUNT V: FRAUDULENT MISREPRESENTATION

Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, alleges as follows:

Through its advertising, labeling, and other communications, Merck made fraudulent misrepresentations to physicians and the public, including Plaintiff, about the safety and efficacy of Fosamax. Defendant misrepresented that Fosamax had been tested and found to be safe and effective for the treatment of osteoporosis, that it was safer than alternative medications, and that it would prevent rather than induce osteoporotic fractures.

Defendant made such misrepresentations with conscious, knowing, and reckless disregard

for the truth or their obligation to provide truthful representations of the drug's safety to consumers and the medical community. Merck knew or should have known that Fosamax was not as effective as competing medications, but Defendant intentionally and/or negligently misrepresented and concealed this information by choosing to disregard or downplay that information.

Physicians and their patients, including Plaintiff, relied on Defendant's fraudulent misrepresentations. As a direct and proximate consequence of Merck's acts, omissions, and misrepresentations, Plaintiff was harmed and suffered injuries, including severe femur fractures, as a result of taking Fosamax. Plaintiff has and will continue to require healthcare services and incur medical expenses as a result of her injuries. Also, Plaintiff has and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, mental and physical pain and suffering, and any other losses and damages that will result from Fosamax use. Thus, Plaintiff demands judgment against Merck for any and all damages, including but not limited to those discussed herein. Plaintiff is also entitled to punitive damages because Defendant acted with knowing, conscious, and willful disregard for the value of human life and the safety of consumers such as Plaintiff.

### COUNT VI: BREACH OF EXPRESS WARRANTY

Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, alleges as follows:

Defendant expressly warranted to Plaintiff and/or other consumers, and the medical community that Fosamax was safe and effective for the treatment and prevention of osteoporosis and the prevention of fractures in women with osteoporosis or osteopenia. However, Merck knew the drug had not been proven as safe and effective and that substantial questions existed as to the safety and efficacy of this drug. Further, the drug does not conform to Defendant's warranties and

express representations because it is not safe, has numerous side effects, and causes severe and permanent injuries, including femur fractures.

Plaintiff, other consumers, and the medical community relied on Defendant's express warranties and Plaintiff suffered severe femur fractures as a direct and proximate result of Defendant's acts, omissions, and misrepresentations.

As a direct and proximate consequence of Merck's breach of their express warranties, Plaintiff was harmed and suffered injuries, including severe femur fractures, as a result of taking Fosamax. Plaintiff has and will continue to require healthcare services and incur medical expenses as a result of her injuries. Plaintiff has and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, mental and physical pain and suffering, and any other losses and damages that will result from Fosamax use. Thus, Plaintiff demands judgment against Merck for any and all damages, including but not limited to those discussed herein. Also, Plaintiff is entitled to punitive damages because Defendant acted with knowing, conscious, and willful disregard for the value of human life and the safety of consumers such as Plaintiff.

## COUNT VII: BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, alleges as follows:

Fosamax, manufactured, distributed, advertised, and sold by Merck, was not of merchantable quality, nor fit for the ordinary purposes for which such a product is used. Merck had reason to know of the drug's intended uses and impliedly warranted the drug to be fit for such purposes and to be of merchantable quality. The drug did not conform to the promises or affirmations of fact made by Merck or on the labels of the product.

Plaintiff reasonably relied on the skill and judgment of Defendant to furnish a suitable product that was of merchantable quality and safe for its intended use. Consumers, such as Plaintiff, reasonably relied upon Defendant's implied warranty of merchantability for Fosamax. Plaintiff used the goods for the ordinary purposes for which the drug is sold.

As a direct and proximate consequence of Merck's breach of its implied warranty of merchantability, Plaintiff was harmed and suffered injuries, including severe femur fractures, as a result of taking Fosamax. Plaintiff has and will continue to require healthcare services and incur medical expenses as a result of her injuries. Plaintiff has and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, mental and physical pain and suffering, and any other losses and damages that will result from Fosamax use. Thus, Plaintiff demands judgment against Merck for any and all damages, including but not limited to those discussed herein. Plaintiff is entitled to punitive damages because Defendant acted with knowing, conscious, and willful disregard for the value of human life and the safety of consumers such as Plaintiff.

## COUNT VIII: BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, alleges as follows:

Merck breached the implied warranty of fitness because Fosamax was not fit for its particular purpose of safely treating osteoporosis and/or other bone disorders. Defendant knew or reasonably should have known of the particular purpose for which Fosamax was to be used by consumers, including Plaintiff.

Plaintiff, other consumers, and the medical community were relying on Merck's skills and judgment to provide Fosamax in a condition suitable for its particular purpose. However, Fosamax was not fit for its particular purpose of safely and effectively treating osteoporosis and other bone disorders and Merck breached its implied warranty of fitness. Plaintiff was harmed as a direct and proximate result of Defendant's defective and unreasonably dangerous product, Fosamax.

As a direct and proximate consequence of Merck's breaching their implied warranty of fitness, Plaintiff was harmed and suffered injuries, including severe femur fractures, as a result of taking Fosamax. Plaintiff has and will continue to require healthcare services and incur medical expenses as a result of her injuries. Plaintiff has and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, mental and physical pain and suffering, and any other losses and damages that will result from Fosamax use. Thus, Plaintiff demands judgment against Merck for any and all damages, including but not limited to those discussed herein. Plaintiff is entitled to punitive damages because Defendant acted with knowing, conscious, and willful disregard for the value of human life and the safety of consumers such as Plaintiff.

## AGENCY

Wherein this petition it is alleged that Merck did any act or thing, it's meant that Merck performed or participated in such act or thing, or that such act was performed by the officers, agents, employees, or representatives of Merck. In every instance, the officers, agents, employees, or representatives of Merck had been authorized by Merck to act and/or make representations on the corporation's behalf, or were acting under the guidance and direction of Merck, which also ratified all such acts.

## DAMAGES

As a direct and proximate result of Defendant's acts and omissions described above,

Plaintiff has incurred one or more of the following categories of damages:

a. Mental anguish, past and future;

b. Physical and mental impairment/disfigurement, past and future;

c. Physical and psychological pain/mental anguish, past and future;

d. Loss of enjoyment of life and peace of mind, past and future;

e. Reasonable and necessary medical, psychological, rehabilitative, therapeutic and related expenses, past and future;

f. Pre-judgment interest as recoverable by law at the highest rate available by law;

g. Post-judgment interest at the highest rate recoverable by law;

h. Punitive damages in an amount to be determined by the trier of fact as provided by law and to be supported by the evidence at trial;

i. Costs of court;

j. Attorney's Fees; and

k. Such other damages that will be shown at trial.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury and will tender the appropriate jury fee.

## ATTORNEYS' FEES, INTEREST AND COURT COSTS

Plaintiff requests that the Court award her reasonable and necessary attorneys' fees and costs of litigation incurred in connection with the prosecution of this claim. Plaintiff would further show she is entitled to pre-judgment and post-judgment interest on the amount of any judgment against Defendant as allowed by law.

## REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, all information and material described in Rule 194.2(a)-(l). TEX. R. CIV. P. 194.2.

## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

## CONDITIONS PRECEDENT

Plaintiff has complied with all conditions precedent to the filing of this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that Defendant be cited to appear and answer herein; that upon a final trial hereof, Plaintiff recovers from Defendant damages as specified above including punitive damages, attorney's fees, costs of court, pre-judgment and post-judgment interest at the legal rate and in an amount to be determined by a jury within the jurisdictional limits of the Court

and that Plaintiff has such other and further relief, general and special, at law and in equity, to which she may be justly entitled.

Respectfully submitted,

Evertson & Sanchez, PC

/S/ Karen Evertson
Karen Evertson
State Bar No. 00797745
Mary Sanchez
State Bar No. 17570-830
8213A Shoal Creek Blvd #109
Austin, Texas 78757
Telephone: (512) 323-0797
Facsimile: (512) 532-6598
karen@texeslaw.com

ATTORNEYS FOR PLAINTIFF: Philomina Stuchly